UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SIG CRE 2023 VENTURE LLC and FEDERAL DEPOSIT
INSURANCE CORPORATION,

|  | |
|---|---|
| Plaintiffs, | Civil Action No. 1:25-cv-2129 |

-against-

DECO TOWERS ASSOCIATES LLC, SHLOMO WYLER,
and ROZZI BUSINESS INC,

Defendants.

<br>

**MEMORANDUM OF LAW IN SUPPORT OF
DECO TOWERS ASSOCIATES LLC'S MOTION TO REMAND**

<br>

**MOSES & SINGER LLP**
*Attorneys for Defendant Deco Towers Associates LLC*
405 Lexington Avenue
New York, New York 10174
(212) 554-7800

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................1

FACTUAL BACKGROUND AND PRIOR PROCEEDINGS ......................................2

ARGUMENT......................................................................................................................5

I.      STANDARD ON A MOTION TO REMAND ..................................................5

II.     THE FDIC IS OUTSIDE THE PURVIEW OF  12 U.S.C. §1819(b)(2)(A)
        BECAUSE IT IS NOT A PARTY "IN ANY CAPACITY" WITHIN THE
        MEANING OF THAT STATUTE .......................................................................6

III.    THE FDIC CANNOT INITIATE LITIGATION IN STATE COURT THROUGH
        ITS ALTER EGO AND THEN REMOVE UNDER 12 U.S.C. §1819(b)(2)(B) ...............8

IV.     REMAND IS WARRANTED BECAUSE, UNDER ANY ANALYSIS, THE
        FDIC IS NOT PROPERLY A PARTY TO THIS ACTION ............................................10

V.      REMAND IS REQUIRED BECAUSE THE ACTION HAS BEEN
        CONSOLIDATED WITH A SEPARATE STATE COURT PROCEEDING TO
        WHICH THE FDIC IS NOT A PARTY AND WHICH HAS NOT BEEN
        REMOVED .........................................................................................................13

VI.     REMAND IS APPROPRIATE BECAUSE THE QUESTION OF SIG CRE'S
        STANDING IS A STATE LAW ISSUE, NOT A FEDERAL ONE................................15

VII.    DECO SHOULD BE AWARDED ATTORNEYS' FEES AND COSTS UNDER
        28 U.S.C. §1447(c) ...........................................................................................16

CONCLUSION.................................................................................................................17

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amalgamated Bank v. Helmsley-Spear, Inc.*,
  109 A.D.3d 418 (1st Dep't 2013) ........................................................................................ 11

*Anwar v. Fairfield Greenwich Ltd.*,
  676 F. Supp. 2d 285 (S.D.N.Y. 2009)..................................................................................... 5

*Bancinsure, Inc. v. McCaffree*,
  No. 12-cv-2110, 2013 WL 272764 (D. Kan. Jan. 24, 2013) ................................................ 6

*Beal Bank, SSB v. Nassau County*,
  973 F.Supp. 130 (E.D.N.Y. 1997) ....................................................................................... 10

*British Am. Dev. Corp. v. Schodack Exit Ten, LLC*,
  83 A.D.3d 1247 (3d Dep't 2011) ......................................................................................... 11

*Butler, Fitzgerald & Potter v. Sequa Corp.*,
  250 F.3d 171 (2d Cir. 2001)................................................................................................. 12

*California Pub. Employees' Ret. Sys. v. WorldCom, Inc.*,
  368 F.3d 86 (2d Cir. 2004).................................................................................................... 5

*Caprer v. Nussbaum*,
  36 A.D.3d 176 (2d Dep't 2006) ........................................................................................... 16

*F.D.I.C. v. S & I 85-1, Ltd.*,
  22 F.3d 1070 (11th Cir. 1994) ........................................................................................... 8, 9

*FDIC v. Bledsoe*,
  989 F.2d 805 (5th Cir. 1993) ................................................................................................. 9

*FDIC v. Newhart*,
  892 F.2d 47 (8th Cir. 1989) ................................................................................................... 9

*First National Bank of Georgia v. Stone*,
  No. 1:10-cv-1053, 2010 WL 11597748 (N.D. Ga. June 9, 2010) ......................................... 8

*In re Franklin Nat. Bank Securities Litigation*,
  532 F.2d 842 (2d Cir. 1976).............................................................................................. 7, 10

*LeChase Construction Services, LLC v. Argonaut Insurance Co.*,
  63 F.4th 160 (2d Cir. 2023) ................................................................................................. 14

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992)............................................................................................................. 16

*Lupo v. Hum. Affs. Int'l, Inc.*,
  28 F.3d 269 (2d Cir. 1994).................................................................................................... 5

*Martin v. Franklin Capital Corp.*,
  546 U.S. 132 (2005).............................................................................................................. 16

*Mensah v. World Truck Corp.*,
  210 F. Supp. 2d 320 (S.D.N.Y. 2002).................................................................................. 14

*Mulgrew v. Bd. of Educ.*,
  No. 156561/13E, 2014 WL 1495628 (Sup. Ct., N.Y. Co. Apr. 14, 2014).............................. 11

*N.J. Carpenters Vacation Fund v. Harborview Mortg. Loan Tr. 006-4*,
  581 F. Supp. 2d 581 (S.D.N.Y. 2008).................................................................................... 5

*Nnaji v. Fernandez*,
  No. 21-cv-1559, 2021 WL 2433850 (S.D.N.Y. June 15, 2021) ............................................... 14
*Quality Aggregates Inc. v. Century Concrete Corp.*,
  213 A.D.2d 919 (3d Dep't 1995) ........................................................................................ 11, 12
*Reyes v. Rite-Line Transp., Inc.*,
  No. 13-cv-968, 2013 WL 3388975 (S.D.N.Y. July 8, 2013) .................................................. 14
*Shamrock Oil & Gas Corp. v. Sheets*,
  313 U.S. 100 (1941) ............................................................................................................... 6
*Spota v. Cnty. of Suffolk*,
  110 A.D.3d 785 (2d Dep't 2013) ........................................................................................... 11
*Steel Co. v. Citizens for a Better Env't*,
  523 U.S. 83 (1998) ............................................................................................................... 16
*Syngenta Crop Protection, Inc. v. Henson*,
  537 U.S. 28 (2002) ................................................................................................................. 6
*U.S. Bank Nat'l Ass'n as Tr. for Velocity Com. Cap. Loan Tr. 2017-2 v. FCA & V LLC*,
  No. 803227/21E, 2022 WL 4100800 (Sup. Ct., Bronx Co. Sept. 6, 2022) .............................. 16
*U.S. Postal Serv. v. Brennan*,
  579 F.2d 188 (2d Cir. 1978) .................................................................................................. 13
*United States v. Pitney Bowes, Inc.*,
  25 F.3d 66 (2d Cir. 1994) ..................................................................................................... 12
*Vill. of Oakwood v. State Bank & Tr. Co.*,
  481 F.3d 364 (6th Cir. 2007) .................................................................................................. 6
*Whitaker v. Am. Telecasting, Inc.*,
  261 F.3d 196 (2d Cir. 2001) ................................................................................................... 6
*Yuppie Puppy Pet Prods., Inc. v. St. Smart Realty, LLC*,
  77 A.D.3d 197 (1st Dep't 2010) ........................................................................................... 11

## Statutes

12 U.S.C. §1812 .......................................................................................................................... 15
12 U.S.C. §1819 ..................................................................................................................... *passim*
12 U.S.C. §1821 ................................................................................................................. 4, 9, 15
12 U.S.C. §1823 ........................................................................................................................... 9
12 U.S.C. §1825 ......................................................................................................................... 10
28 U.S.C. §1447 ..................................................................................................................... *passim*
28 U.S.C. §1447 ......................................................................................................................... 14
28 U.S.C. §2415 ........................................................................................................................... 9
CPLR 1012 ................................................................................................................................. 11
CPLR 1013 ............................................................................................................................. 5, 12
CPLR 3211 ................................................................................................................................. 16
Fed. R. Civ. P. 24 ................................................................................................................... 12, 13
U.S. Const., Art. III .................................................................................................................... 16

**PRELIMINARY STATEMENT**

Defendant Deco Towers Associates LLC ("Deco") respectfully submits this memorandum of law in support of its motion to remand this action (the "Action") to the Supreme Court of the State of New York, New York County (the "Motion").

Remand is warranted because the Federal Deposit Insurance Corporation (the "FDIC"), an intervenor, does not satisfy the requirements of the statute on which it premised its removal petition, 12 U.S.C. §1819(b)(2)(B), the Financial Institutions Reform, Recovery, and Enforcement Act of 1989. Among the other things that are demonstrated below is that such removal rights as the FDIC may have ever had were transferred to its alter ego, Plaintiff SIG CRE 2023 Venture LLC ("SIG CRE")—an entity created, controlled and 80% owned by the FDIC—which the FDIC utilized to initiate this action in state court. Notably, the FDIC did not seek to intervene in state court until *after* the expiration of any possible right SIG CRE may have had to remove the case.

That the FDIC, for all intents and purposes, first appeared in the Action through SIG CRE and that its ostensible interest in this case is a mere pretext that is insufficient for removal, is evident from its candid admissions in state court that it "would not be formally bound by a decision rendered in its absence" and that it sought to intervene solely to present legal argument, viz., to "defend the constitutionality of the FDIC's Board." Dkt. No. 5-2, pp. 81, 85. These admissions leave no doubt that the FDIC has no legally protectable interest in the outcome of this case. Its last-minute intervention and removal petition should be seen for what they are: a transparent attempt to reframe, for purely strategic advantage, the litigation it freely chose to commence in state court and shift it to a federal forum.

More particularly, remand is warranted for multiple, independent reasons:

*First*, the FDIC is not a "party" within the meaning of 12 U.S.C. §1819(b)(2)(A), i.e., acting as a receiver or insurer, given that it is seeking nothing more than to re-argue a point of law that

was previously argued by SIG CRE.

*Second*, the FDIC voluntarily elected to: (i) assert its substantive claims against Deco through SIG CRE; (ii) have SIG CRE commence and prosecute the Action in its own name as a plaintiff in state court; and (iii) allow SIG CRE to disregard the time limitation for removal under 12 U.S.C. §1819(b)(2)(B).  These choices have consequences and the FDIC cannot now simply sweep them under the rug so as to obtain federal venue as if it never had anything to do with SIG CRE.

*Third*, the FDIC's admissions that its interest in this case is only to make an argument on one issue and that it would not consider itself bound by a state court decision clearly demonstrate that, in truth, it is SIG CRE that is the party that holds any legally cognizable interest the FDIC may have in the outcome of the case.

*Fourth*, this Action was consolidated in state court with a related proceeding in which the FDIC has not intervened, and which has not been removed.  Removal of the Action under these circumstances would undermine judicial efficiency and risk inconsistent rulings.

Finally, the issue for which the FDIC seeks a federal forum, i.e., the defense that SIG CRE lacks standing under  New York law to bring a New York foreclosure action on New York real property, was raised strictly as an issue of, and depends on, New York law, not federal law.

For all these reasons, and as explained in further detail below, Deco's Motion should granted, the case should be remanded to New York State Supreme Court, and Deco should be awarded attorneys' fees and costs under 28 U.S.C. §1447(c).

## FACTUAL BACKGROUND AND PRIOR PROCEEDINGS

This action arises out of a foreclosure dispute concerning the original McGraw-Hill Building located at 330 West 42nd Street in Manhattan (the "Property").  Notice of Removal (Dkt. No. 1, "NOR") ¶1.  On July 17, 2024, SIG CRE, an entity 80% owned and controlled by the FDIC,

commenced this Action in the Supreme Court of the State of New York, New York County, by filing a motion for summary judgment in lieu of complaint to enforce a loan agreement (the "Note"), seeking a judgment of $29,169,341.30 against Deco, as well as Shlomo Wyler and Rozzi Business Inc., the alleged guarantors of the mortgage (the "Mortgage"). *Id.* ¶7; *see also generally* Dkt. No. 4-1, pp. 1-98.

Significantly, the Action overlaps with two other related lawsuits involving many of the same parties and claims: (i) a lien foreclosure action filed by Rosenwach Tank Co. LLC on June 17, 2024, captioned *Rosenwach Tank Co. LLC v. Deco Towers Associates LLC, et al.*, Index No. 155905/2024 ("Action No. 1"); and (ii) a separate lien foreclosure action filed by SIG CRE on July 16, 2024, captioned *SIG CRE 2023 Venture LLC et al v. Deco Towers Associates LLC et al.*, Index No. 850248/2024 ("Action No. 2"). *See* Declaration of Henry J. Bergman ("Bergman Decl."), Exs. A-B (Complaints in Action Nos. 1 and 2). Recognizing the intersection of parties and legal issues, Justice Andrea Masley of the New York Supreme Court, Commercial Division, issued a consolidation order on September 25, 2024, preliminarily combining the three cases for discovery purposes. *Id.*, Ex. C (September 25, 2024 Consolidation Order).

On October 16, 2024, Deco filed its opposition to SIG CRE's motion for summary judgment in lieu of complaint, arguing, *inter alia*, that SIG CRE lacked standing *under New York law* to prosecute the cases in *New York courts*, given recent federal jurisprudence under which the FDIC's form of organization would have to be deemed repugnant to the U.S. Constitution's executive vesting and presidential removal provisions. More particularly, Deco argued that SIG CRE's claim of state court standing to foreclose relies on actions taken by the FDIC under 12 U.S.C. §1821, but these actions—executed by an agency that is unconstitutionally structured—are

3

*ultra vires* and insufficient to vest SIG CRE with good title to the Mortgages, the sine qua non of New York standing to foreclose.  Dkt. No. 5-2, pp. 35-41.

Nearly two months later, the FDIC moved to intervene in both this Action and Action No. 2.  NOR ¶8.  Deco opposed that motion, arguing that intervention was both unnecessary and improper, as SIG CRE—an entity created, owned, and funded by the FDIC—already fully represented the FDIC's interests.  Dkt. No. 5-3, pp. 11-12, 16-23.

Indeed, SIG CRE expressly adopted the FDIC's constitutional arguments in its own submissions.  Dkt. No. 5-3, p. 26.  Moreover, the FDIC itself admitted in its motion papers that it "would not be formally bound by a decision rendered in its absence."  Dkt. No. 5-2, p. 85.  That concession alone fatally undercuts any claim that the FDIC had a legally protectable interest warranting intervention.  The FDIC went even further, however, acknowledging that its purpose in seeking to intervene was not to protect any direct interest in the underlying dispute, but merely to present legal argument, contending that it should be "permitted to intervene in this matter to defend the constitutionality of the FDIC's Board" solely because the FDIC's in-house attorneys were more "familiar with the arguments regarding the Board's composition and the limits on Board members' removability, and with the implications of an adverse ruling on this issue."  Dkt. No. 5-2, pp. 81, 84.  In other words, the FDIC sought to appear as a participant in name only, not because it had any real stake in the outcome.  This underscores the reality that the FDIC's interests are purely abstract and entirely represented by SIG CRE.  The FDIC made no effort to dispute this fact, nor did it challenge the competency of SIG CRE's counsel—whose retention the FDIC, as an 80% owner, surely controlled—to adequately raise and defend those same arguments.  Dkt. No. 5-2, 32-38.

On March 2, 2025, Justice Masley granted the FDIC's motion to intervene. NOR ¶9. We note that under CPLR 1013 Justice Masley had the discretionary power to allow intervention, upon a mere finding of a commonality of issues, notwithstanding the intervenor's lack of a more tangible stake in the litigation. We further note that, tellingly, the FDIC in its papers disingenuously declined to give even the slightest hint that it intended to promptly remove the case if allowed to intervene. However, this is precisely what the FDIC did when—just as Justice Masley ordered the parties to attend a settlement conference—it filed its notice of removal under 12 U.S.C. §1819(b)(2), relying on its newly granted intervenor status to assert federal jurisdiction. *See generally* NOR. As shown below, removal is improper for several independent reasons and the case should be remanded to state court.

## ARGUMENT

### I.     STANDARD ON A MOTION TO REMAND

"On a motion to remand, the party seeking removal bears the burden of establishing to a 'reasonable probability' that removal is proper." *Anwar v. Fairfield Greenwich Ltd*., 676 F. Supp. 2d 285, 292 (S.D.N.Y. 2009); *accord California Pub. Employees' Ret. Sys. v. WorldCom, Inc*., 368 F.3d 86, 100 (2d Cir. 2004) (removing party "bears the burden of demonstrating the propriety of removal").

"There is a strong presumption against removal jurisdiction." *N.J. Carpenters Vacation Fund v. Harborview Mortg. Loan Tr. 2006-4*, 581 F. Supp. 2d 581, 582 (S.D.N.Y. 2008). "[F]ederal courts construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Hum. Affs. Int'l, Inc*., 28 F.3d 269, 274 (2d Cir. 1994) (quotation marks omitted). As the Supreme Court has emphasized, the "statutory procedures for removal are to be strictly construed." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002); *see also*

5

*Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 201 (2d Cir. 2001) ("[T]he removal statute, like other jurisdictional statutes, is to be strictly construed." (citations omitted)).

This rule reflects the broader constitutional principle that federal courts are courts of limited jurisdiction: "Due regard for the rightful independence of state governments, which should actuate federal courts, requires that [federal courts] scrupulously confine their own jurisdiction to the precise limits which the [removal] statute has defined." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941) (citations and internal quotation marks omitted).

Here, because the FDIC is the party seeking removal, it bears the burden of demonstrating federal jurisdiction exists. It has not done so, and every doubt must be resolved in favor of remand.

## II.    THE FDIC IS OUTSIDE THE PURVIEW OF 12 U.S.C. §1819(b)(2)(A) BECAUSE IT IS NOT A PARTY "IN ANY CAPACITY" WITHIN THE MEANING OF THAT STATUTE

The FDIC lacks any basis to remove this case under 12 U.S.C. §1819(b)(2) because it is not a true party to this litigation in any capacity recognized by the statute. Section 1819(b)(2)(A) confers federal jurisdiction only in "suits of a civil nature at common law or in equity to which the Corporation, in any capacity, is a party." 12 U.S.C. §1819(b)(2)(A) (emphasis added). That requirement is not satisfied here.

Courts interpreting this provision have construed the phrase "in any capacity," in context, to mean that the FDIC must be acting in its official role—as either a receiver or an insurer—for federal jurisdiction to attach. As the Sixth Circuit explained, "'In any capacity' modifies 'Corporation' and refers to whether the FDIC is acting in its capacity as receiver or insurer." *Vill. of Oakwood v. State Bank & Tr. Co.*, 481 F.3d 364, 368 n.2 (6th Cir. 2007); *see also Bancinsure, Inc. v. McCaffree*, No. 12-cv-2110, 2013 WL 272764, at *2 (D. Kan. Jan. 24, 2013) ("'Corporation' refers to the FDIC, and 'in any capacity' refers to whether the FDIC is acting in its capacity as receiver (as in this case) or as insurer.").

6

Here, the FDIC is neither acting as a "receiver" nor as an "insurer."  It is not enforcing a failed bank's claim or managing assets under receivership, nor does it seek any relief on its own behalf.  The FDIC has no practical or legal stake in the outcome of this case.  The real party in interest is SIG CRE.  The FDIC's attempt to invoke jurisdiction under 12 U.S.C. §1819(b)(2)(A) thus fails for a simple reason:  it is not actually litigating in its statutory capacity.  The FDIC is not asserting claims, seeking judgment, or administering receivership duties.   It is, at most, participating to lend institutional weight to SIG CRE's legal arguments.  Thus it is not at all surprising that the sole case the FDIC cites in support of removal, *In re Franklin Nat. Bank Securities Litigation*, 532 F.2d 842 (2d Cir. 1976) (NOR ¶10, n.2), is inapposite, as it involved the FDIC serving in its capacity "as a receiver of a national bank" and the "FDIC was substituted as a defendant in place of the [insolvent] Bank."  *Id*. at 843-44.

Indeed, Deco contested the FDIC's motion to intervene on this very basis, arguing that the FDIC had failed to articulate any cognizable interest in the outcome of the litigation—let alone one sufficient to create federal jurisdiction.  Dkt. No. 5-3, pp. 17-19 .  The FDIC itself did not contest this, conceding in its briefing that if denied intervention it "would not be formally bound by a decision rendered in its absence" and further conceding that it sought to intervene only to "defend the constitutionality of the FDIC's Board."  Dkt. No. 5-2, pp. 81, 85.  These admissions underscore its limited and peripheral role.  The FDIC is not pursuing its own claims or defending its own conduct; its mission is to simply bolster the arguments of an alter ego, over which it exercises control.  That kind of nominal involvement does not make the FDIC a party "in any capacity" under 12 U.S.C. §1819(b)(2)(A).

In sum, because the FDIC is neither acting as a receiver nor insurer, and has no statutory function to perform in this litigation, it does not qualify as a party "in any capacity" within the

meaning of the statute. Its presence is not a basis for federal jurisdiction, and its attempt to remove this case must be rejected accordingly.

### III.  THE FDIC CANNOT INITIATE LITIGATION IN STATE COURT THROUGH ITS ALTER EGO AND THEN REMOVE UNDER 12 U.S.C. §1819(b)(2)(B)

The FDIC's removal is procedurally improper because it initiated this litigation in state court through its alter ego, SIG CRE, and is now attempting to reverse course and remove the case to federal court, having perceived the state forum to be less favorable. That is not what 12 U.S.C. §1819(b)(2)(B) permits.

As courts have explained, §1819(b)(2)(B) does not allow the FDIC to remove an action that it, or its alter ego, chose to file in state court—unless and until an "action, suit, or proceeding" is filed against it. Once the FDIC selects a forum, it is bound by that choice:

> We do not believe that §1819 contemplates the removal of an action to federal court by FDIC where FDIC elected to bring the action in state court, unless a subsequent action, suit, or proceeding is filed against it. Having selected the forum, FDIC was bound by that decision until Defendants filed "any action, suit, or proceeding" against it.

*F.D.I.C. v. S & I 85-1, Ltd.*, 22 F.3d 1070, 1074 (11th Cir. 1994); *see also First National Bank of Georgia v. Stone*, No. 1:10-cv-1053, 2010 WL 11597748 (N.D. Ga. June 9, 2010) ("After electing to file an action in state court, the FDIC ordinarily is bound by that decision," except that "counterclaims filed by a defendant constitute an 'action, suit, or proceeding' within the meaning of 12 U.S.C. §1819 and trigger the FDIC's right to remove.").

That principle applies squarely here. SIG CRE—a Delaware LLC 80% owned, created, and funded by the FDIC—was formed for the specific purpose of acquiring and enforcing mortgages issued by Signature Bank. It is, in every meaningful respect, the FDIC's instrumentality or alter ego. The decision to file this action in state court was therefore not just SIG CRE's—it was the FDIC's own choice of forum. The FDIC cannot now distance itself from that decision on

8

the pretext that SIG CRE is a separate and independent entity.  Nor can it attempt to litigate through SIG CRE when convenient, only to step in later and invoke §1819(b)(2)(B) as if it had no prior involvement.  That kind of procedural gamesmanship is precisely what the statute does not permit.

Further, because SIG CRE functions as the FDIC's alter ego, it is bound by the same removal timing rules under §1819(b)(2)(B).  That section provides that the FDIC—or, by extension, its assignee—has 90 days from the date an "action, suit, or proceeding" is filed against it to remove.  *See S & I 85-1*, 22 F.3d at 1074.  Deco asserted cross-claims against SIG CRE in Action No. 1 on October 23, 2024 (Bergman Decl., Ex. D (Deco's Answer with Counterclaims and Cross-Claims in Action No. 1)).  These claims, while filed in one of the consolidated cases, directly implicated the FDIC via SIG CRE, at minimum putting the FDIC on notice.  Yet, no removal occurred until well after the 90-day deadline had passed.  The removal is, therefore, in all events untimely and improper.

A related line of authority underscores this conclusion.  Although 12 U.S.C. §1819(b)(2)(B) refers to the "Corporation" (defined elsewhere in the statute as the FDIC), courts interpreting other provisions within the same statutory framework have held that the term "Corporation" includes assignees of the FDIC, such as SIG CRE, when those assignees acquire assets from failed banks.  *See, e.g., FDIC v. Bledsoe*, 989 F.2d 805, 811 (5th Cir. 1993) (six-year limitation period provided to the "Corporation" under 28 U.S.C. §2415(a) and the limitation triggering provision of 12 U.S.C. §1821(d)(14)(A) also apply to assignees of FDIC); *FDIC v. Newhart*, 892 F.2d 47, 50-51 (8th Cir. 1989) (affirming district court's application of 12 U.S.C. §1823(e), applicable to the "Corporation," to confer holder in due course status on assignee of notes to preclude borrower's defenses); *Beal Bank, SSB v. Nassau County*, 973 F.Supp. 130, 134 (E.D.N.Y. 1997) (holding assignee was entitled to assert same legal rights as the "Corporation"

under 12 U.S.C. §1825(b)).  Accordingly, where the FDIC assigns assets to an entity it created and controls, that entity surely ought to be seen as standing in its shoes for jurisdictional purposes.  The FDIC cannot escape the consequences of having chosen a state forum through SIG CRE.

The FDIC's reliance on *In re Franklin Nat. Bank*, 532 F.2d 842 (NOR ¶10, n.2), is misplaced.  That case involved a shareholder derivative action against a bank, where the FDIC was later "substituted as a *defendant*" into an existing state court case following a bank insolvency.  *Id*. at 843-44 (emphasis added).  The FDIC did not initiate the litigation and did not select the forum. *Id*.  The case says nothing about whether the FDIC may remove a case it voluntarily filed through a controlled entity.

The FDIC's attempt to remove this Action—months after it was filed, and only after the state court ordered the parties to attend a settlement conference—is a transparent end-run around its earlier forum selection.  The FDIC, through SIG CRE, chose state court, presumably because it believed that forum would be more favorable.   Having made that strategic decision, the FDIC cannot now reverse course and remove the Action simply because it now prefers to be in federal court.  Section 1819 does not give the FDIC the power to bring a case in state court, wait for unfavorable developments, then insert itself into the litigation and remove it months later.

Because the FDIC, acting through its alter ego, voluntarily chose the state forum, its attempt to remove now is procedurally barred and must be rejected.

## IV.    REMAND IS WARRANTED BECAUSE, UNDER ANY ANALYSIS, THE FDIC IS NOT PROPERLY A PARTY TO THIS ACTION

The FDIC's removal effort ought to fail for the additional reason that, in the final analysis, it is not a proper party to this litigation under either New York or Federal principles.

To begin with, intervention as of right under CPLR 1012 is plainly unwarranted.  The FDIC has no true stake in the outcome of this case; to the contrary, it expressly conceded in its motion

10

papers that it "would not be formally bound by a decision rendered in its absence" and that it sought to intervene solely to present legal arguments and "defend the constitutionality of the FDIC's Board." Dkt. No. 5-2, pp. 81, 85. These concessions are fatal. *See Yuppie Puppy Pet Prods., Inc. v. St. Smart Realty, LLC*, 77 A.D.3d 197, 202 (1st Dep't 2010) ("[T]he potentially binding nature of the judgment on the proposed intervenor is the most heavily weighted factor in determining whether to permit intervention."); *Amalgamated Bank v. Helmsley-Spear, Inc.*, 109 A.D.3d 418, 419 (1st Dep't 2013) (denying intervention where the proposed intervenor would not be bound by the outcome of the litigation); *Quality Aggregates Inc. v. Century Concrete Corp.*, 213 A.D.2d 919, 920 (3d Dep't 1995) (same). Similarly, even if the FDIC had shown something more than an abstract interest in a legal argument, that interest is already fully represented. SIG CRE—an entity 80% owned by the FDIC—is vigorously pursuing the FDIC's position and has never taken a position adverse to the FDIC. The FDIC has not suggested otherwise. *See Mulgrew v. Bd. of Educ.*, No. 156561/13E, 2014 WL 1495628 (Sup. Ct., N.Y. Co. Apr. 14, 2014) (where the movant and existing party "share the same litigation objective," a "presumption of adequate representation arises"); *see Spota v. Cnty. of Suffolk*, 110 A.D.3d 785, 787 (2d Dep't 2013) (denying intervention where an existing party already represents the proposed intervenor's interests); *British Am. Dev. Corp. v. Schodack Exit Ten, LLC*, 83 A.D.3d 1247, 1248 (3d Dep't 2011) (same).

In addition, even permissive intervention is unjustified under the principles underpinning CPLR 1013. The FDIC's presence serves no independent purpose and unfairly prejudices Deco by duplicating arguments already advanced by SIG CRE, while introducing unnecessary complexity and delay. *See Quality Aggregates*, 213 A.D.2d at 921 (denying intervention because "the benefit to be gained by the intervention sought in this case is outweighed by the delay and

11

confusion which would result from permitting the intervenors to duplicate the defense to the counterclaim that should be presented by plaintiff").

The FDIC fares no better under federal intervention standards.  Fed. R. Civ. P. 24(a)(2) allows intervention as of right only when the applicant "asserts an interest relating to the property or transaction that is the subject of the action," is "so situated that without intervention the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest," and that interest is "not adequately represented by the other parties."  *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994).  Where "the putative intervenor and a named party have the same ultimate objective," the movant must overcome a presumption of adequate representation by showing "evidence of collusion, adversity of interest, nonfeasance, or incompetence."  *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179-80 (2d Cir. 2001). The FDIC makes no such showing.  It makes no claims of ownership of the Notes and Mortgages, seeks no relief of its own, and admits that SIG CRE, its controlled assignee, is already litigating in its interest.

Nor does permissive intervention under Fed. R. Civ. P. 24(b) justify the FDIC's presence. Intervention may be denied where it would "prejudice the adjudication of the rights of the original parties."  *Pitney Bowes*, 25 F.3d at 73.  Here, that prejudice is clear:  Deco must now respond to duplicative briefing, coordinate defense strategy against two aligned parties, and face the added litigation pressure of the federal government's involvement without any corresponding benefit to the proceedings.

The Second Circuit's decision in *U.S. Postal Serv. v. Brennan*, 579 F.2d 188 (2d Cir. 1978) is instructive.  There, the court denied a motion to intervene under Fed. R. Civ. P. 24(a) and (b) by a labor union that sought to join solely to defend the constitutionality of a statute, even though the

Postal Service—an existing party—was already advancing the same arguments. The court emphasized that intervention was unwarranted because "[t]he issue before the district court was strictly one of law—either the challenged statutes were constitutional or they were not," and the union "did not contend that the [Postal Service] would not advance all of the appropriate legal arguments in favor of constitutionality." *Id*. at 191. The same is true here. SIG CRE has every interest in vigorously defending the constitutionality of the FDIC's Board, and the FDIC has identified no concrete interest in the outcome of the underlying Action or any inadequacy in SIG CRE's representation. Like the union in *Brennan*, the FDIC merely sought to enter the case to reiterate legal arguments that were already being made by a fully capable party. *See* Dkt. No. 5-2, pp. 81, 85. That is not a basis for intervention.

Accordingly, because the FDIC lacked any entitlement to intervene, its presence in this case is legally uncalled for. That improper intervention cannot serve as a basis for federal jurisdiction, the FDIC should be dismissed from the Action, and the case must be remanded.

## V.   REMAND IS REQUIRED BECAUSE THE ACTION HAS BEEN CONSOLIDATED WITH A SEPARATE STATE COURT PROCEEDING TO WHICH THE FDIC IS NOT A PARTY AND WHICH HAS NOT BEEN REMOVED

Remand is also warranted because this Action is part of consolidated state court actions that include a case in which the FDIC is not a named party—SIG CRE is—and which has not been removed. Proceeding in federal court under these circumstances would fragment the litigation, disrupt coordinated case management, and risk conflicting rulings.

As previously noted, this Action was preliminarily consolidated by Justice Masley for coordinated discovery with two related state court actions involving overlapping parties, claims, and facts. One of those proceedings, *Rosenwach Tank Co. LLC v. Deco Towers Associates LLC, et al.*, Index No. 155905/2024 (Action No. 1), is a lien foreclosure action concerning the same

13

Property and construction project. Although SIG CRE is a party to Action No. 1, the FDIC is not, and that case remains pending exclusively in state court.

Federal courts within this Circuit have recognized their discretion to remand removed actions in circumstances like these where judicial economy, fairness, and the risk of inconsistent rulings weigh heavily in favor of returning the case to the state forum. "[C]ourts have the right to exercise discretion with respect to remanding a case back to state court by balancing the equities, interests and prejudices of the parties involved." *Nnaji v. Fernandez*, No. 21-cv-1559, 2021 WL 2433850, at *6 (S.D.N.Y. June 15, 2021) (remanding removed diversity case to permit consolidation with parallel, non-removable state proceeding); *see also Mensah v. World Truck Corp.*, 210 F. Supp. 2d 320, 324-25 (S.D.N.Y. 2002) (remanding to allow coordination with pending state court cases not removable to federal court); *Reyes v. Rite-Line Transp., Inc.*, No. 13-cv-968, 2013 WL 3388975, at *2-3 (S.D.N.Y. July 8, 2013) (same).[1]

The equities strongly favor remand. The FDIC's intervention and removal occurred just as the state court was actively managing the coordinated litigation. Allowing this case to proceed separately in federal court would impose unnecessary costs, delay resolution, and impair the parties' ability to participate in a comprehensive settlement process. There is no compelling reason for federal intervention—only strategic forum shifting by the FDIC.

Accordingly, because this action is part of a broader consolidated proceeding that remains partially in state court, and because the FDIC is not a party to the related non-removed case,

---

[1] While *LeChase Construction Services, LLC v. Argonaut Insurance Co.*, 63 F.4th 160 (2d Cir. 2023) may call into question the precise scope of district court discretion under 28 U.S.C. §1447(e) where no post-removal joinder has occurred, *LeChase* does not overrule or squarely reject the reasoning in *Nnaji*, *Mensah*, or *Reyes*. Each of those cases involved unique equities and fact patterns that continue to provide a persuasive basis for discretionary remand in the interests of justice.

14

remand is necessary to preserve judicial efficiency and protect the integrity of the state court's consolidated management.

## VI.   REMAND IS APPROPRIATE BECAUSE THE QUESTION OF SIG CRE'S STANDING IS A STATE LAW ISSUE, NOT A FEDERAL ONE

The FDIC's removal also fails because the question of SIG CRE's standing to foreclose on the subject Mortgages is a question of state law, not federal law.

SIG CRE's alleged standing to enforce the Notes and Mortgages rests entirely on its claim that it acquired title through a series of executive acts taken by the FDIC as Receiver for Signature Bank, pursuant to 12 U.S.C. §1821.  Deco has challenged the validity of those acts, arguing that the FDIC's actions were unconstitutional and *ultra vires* due to defects in the FDIC's organizational structure.  However, that argument does not convert the case into one arising under federal law.

The FDIC contends that removal is proper because the case "will involve questions of federal law, including but not limited to interpretation of 12 U.S.C. §1812(a)" and constitutional separation of powers.  NOR ¶11.  That misstates the issue.  Deco is not asserting standalone federal claims.  Rather, it argues that it is for a New York judge to determine SIG CRE's claim of access to New York courts as an alleged assignee of the Mortgages, i.e., standing, solely through the lens of New York contract law.  While the reasoning underlying the answer to the question of whether the FDIC is constitutional under federal jurisprudence may be of interest to a New York judge considering whether SIG CRE should have access to New York courts on the basis of its transactions involving the FDIC, it does not dictate the answer to the state law question.

As explained in the Deco's Opposition to SIG CRE's Motion for Summary Judgment in Lieu of Complaint (Dkt. No. 5-2, pp. 35-41), standing to foreclose in New York is governed by distinct principles under *Caprer v. Nussbaum*, 36 A.D.3d 176 (2d Dep't 2006) and *U.S. Bank Nat'l*

*Ass'n as Tr. for Velocity Com. Cap. Loan Tr. 2017-2 v. FCA & V LLC*, No. 803227/21E, 2022 WL 4100800 (Sup. Ct., Bronx Co. Sept. 6, 2022).   These standards are distinct from, and more hospitable to challenges of official acts than, the tests for federal court standing, which are derived from the "Cases and Controversies" provisions of Article III of the U.S. Constitution. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998).

Thus, while federal constitutional issues may inform the background of this dispute, the dispositive question is whether SIG CRE has enforceable rights under New York law to foreclose on the Mortgages.   That determination turns entirely on state-law doctrines and whether the Complaint states a viable cause of action under CPLR 3211(a)(7).   The claims, defenses, and legal framework all arise under New York law.

Accordingly, because the resolution of SIG CRE's standing turns solely on state law doctrines, the case should be remanded.

## VII.   DECO SHOULD BE AWARDED ATTORNEYS' FEES AND COSTS UNDER 28 U.S.C. §1447(c)

Under 28 U.S.C. §1447(c), a court remanding a case to state court may "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The applicable standard for awarding fees is whether "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Here, as explained above, the FDIC lacked any objectively reasonable basis to remove because it is not a party "in any capacity" under 12 U.S.C. §1819(b)(2)(A); initiated this Action in state court through its alter ego SIG CRE; removed a case consolidated with a related state proceeding to which it is not a party; and seeks to litigate a state law question concerning SIG

16

CRE's standing to foreclose.  The FDIC's removal was plainly pretextual, aimed not at resolving a jurisdictional question in good faith, but at securing a perceived advantage by shifting the case to federal court.

Thus, Deco should be awarded attorneys' fees and costs incurred as a result of the improper removal.

## CONCLUSION

For all the foregoing reasons, Deco respectfully requests that the Court: (a) grant its motion to remand and return this Action to the Supreme Court of the State of New York, New York County; (b) dismiss the FDIC from the Action; (c) award attorneys' fees and costs pursuant to 28 U.S.C. §1447(c); and (d) grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
        April 11, 2025

**MOSES & SINGER LLP**

By: _Rebecca Zittell Green_
    _____
    Henry J. Bergman
    Rebecca Zittell Green
    *Attorneys for Defendant Deco Towers*
    *Associates LLC*
    The Chrysler Building
    405 Lexington Avenue
    New York, New York 10174
    (212) 554-7800

17